## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Mary Ruckman,**

        **Plaintiff,**

                                        **Case No. 2:11-cv-874**
                                        **JUDGE SMITH**
        **v.**                              **Magistrate Judge Kemp**

**Kathy Riebel, *et al.*,**

        **Defendants.**

### OPINION AND ORDER

This matter is before the Court on Defendants Franklin County Sheriff Zach Scott and the Franklin County Sheriff's Department's Motion for Judgment on the Pleadings (Doc. 20). This motion is fully briefed and ripe for disposition. Additionally, Plaintiff has filed an Amended Motion for Extension of Time to Amend (Doc. 35), which Defendants oppose. The Court will address this preliminary matter first and then the substantive motion. For the reasons that follow, the Court **DENIES** Plaintiff's Motion to Amend and **GRANTS** Defendants' Motion for Judgment on the Pleadings.

## I.    BACKGROUND

On September 8, 2011, Plaintiff Mary Ruckman initiated this action against Defendants Franklin County Sheriff Zach Scott and the Franklin County Sheriff's Department (the "Franklin County Defendants"), as well as other defendants not directly pertinent to the pending motion.[1]

---

[1] These other defendants include Kathy Riebel, Charles Riebel, Heidi Wise, Joseph Wise, the City of Whitehall, multiple named Police Officers for the City of Whitehall, and the Mayor, Chief of Police, and Director of Public Safety for the City of Whitehall.

This action was removed to this Court on September 30, 2011.  Plaintiff Mary Ruckman is a resident of Whitehall, Ohio.  She is an elderly woman who suffers from physical handicaps and generally poor health.  Plaintiff is involved in an ongoing property line dispute with her neighbors, Heidi and Joseph Wise.  The Wises live next door to Plaintiff in a house owned by Charles and Kathy Reibel, the parents of Mrs. Wise.  Plaintiff alleges that the Wises have made harassing and threatening statements to her.  Plaintiff further alleges that she has contacted the Whitehall City Police and the Franklin County Sheriff's Office on numerous occasions when she felt threatened by her neighbors, but that neither has assisted her.

This action arose from events that took place on August 23, 2009.  Plaintiff was arrested by the Whitehall Police after the Wises filed a trespass complaint against her.  Plaintiff alleges that the Whitehall Police Officers abused her in the process of making the arrest and transporting her to the Franklin County Jail.  Plaintiff also alleges that the Franklin County Deputies abused her, caused her humiliation by making her expose herself to a group of men, and subjected her to generally deplorable conditions in the jail.  Plaintiff was ultimately released from jail on August 24, 2009.  Plaintiff asserts claims of assault, false imprisonment, negligence, a violation of civil rights pursuant to 42 U.S.C. § 1983, defamation, and negligent and intentional infliction of emotional distress.

On December 21, 2011, the Franklin County Defendants moved for judgment on the pleadings as to all claims asserted against them.  Plaintiff filed a memorandum in response to the Franklin County Defendants' Motion for Judgment on the Pleadings, or, in the alternative, moved for leave of Court to amend her Complaint to properly designate the political subdivision representing the Franklin County Sheriff's Department, and to join Franklin County as a party

defendant.  The Franklin County Defendants then filed a reply memorandum in support of the Motion for Judgment on the Pleadings.  Plaintiff subsequently filed a Motion for Additional Time in which to Amend Pleadings, and the Franklin County Defendants filed a memorandum in opposition to this motion.  These motions are ripe for disposition.

## II.     MOTION TO AMEND

On April 2, 2012, counsel for Plaintiff moved for an extension of sixty days to amend the pleadings (Doc. 35).  Counsel cites that he suffered a debilitating injury in January which limited his ability to work on this case and others.  He further states that he is only beginning the discovery process and anticipates that he will receive information necessary for him to amend the pleadings through discovery.

Defendants oppose Plaintiff's Motion, arguing that since this lawsuit was filed on September 8, 2011, Plaintiff has not made any attempt to conduct discovery.  Defendants further argue that Plaintiff has failed to indicate what discovery is needed, whether she intends to name additional parties, or intends to add causes of action.  Defendants assert that they have moved for judgment on the pleadings based on the statute of limitations, and that there is no reason to anticipate that discovery will yield any information that would place her action within the statute of limitations.

The Court agrees that Plaintiff has failed to show good cause in support of an extension of the time to amend the pleadings.  Plaintiff has had ample time to evaluate her case to determine if there is a need to amend the pleadings.  Further, there is a pending motion for judgment on the pleadings, so allowing the extension for time to amend would only delay a ruling on that motion and potentially prejudice Defendants.  Accordingly, Plaintiff's Motion for

an Extension to Amend is **DENIED**.

## III.    MOTION FOR JUDGMENT ON THE PLEADINGS

### A.    Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings."  It is well-settled that the standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that used to address a motion to dismiss under Rule 12(b)(6).  *See, e.g., Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987) (noting that where a Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted is raised by a Rule 12(c) motion for judgment on the pleadings, the Court must apply the standard for a Rule 12(b)(6) motion).

Rule 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it.  *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim.  Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief.  *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).  Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"

A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Although in this context all of the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Furthermore, to survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Iqbal*, at 679 (quoting Fed. R. Civ. P. 8(a)(2)). In the final analysis, the task of determining plausibility is "context-specific [and] requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Accordingly, the Court will grant a motion for judgment on the pleadings if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *Little v. UNUM Provident Corp.*, 196 F. Supp.2d 659, 662 (S.D.

Ohio 2002) (Graham, J.) (citing *Rauch*). Stated differently, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citations and quotation marks omitted).

### B. Discussion

The Franklin County Defendants have moved for judgment on the pleadings asserting that all of Plaintiff's claims against them were filed after the expiration of the applicable statute of limitations. The statute of limitations analysis begins with Ohio Revised Code § 2744.04(A), which provides:

> An action against a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, whether brought as an original action, cross-claim, counterclaim, third-party claim, or claim for subrogation, shall be brought within two years after the cause of action accrues, or within any applicable shorter period of time for bringing the action provided by the Revised Code.

Therefore, Plaintiff's claims for injury must be brought within the shorter of the statutory limitation for that cause of action or two years. Plaintiff asserts the following causes of action against the Franklin County Defendants: assault (counts two and three); false arrest/imprisonment (count seven); negligence (count eight); a violation of her rights pursuant to 42 U.S.C. § 1983 (count nine); intentional infliction of emotional distress (count ten); and negligent infliction of emotional distress (count eleven).[2]

Counts two, three, seven, and ten are subject to a one year statute of limitations. Pursuant

---

[2] The remaining claims are for assault and defamation against other Defendants.

to Ohio Revised Code § 2305.111(B), an action for assault must be brought within one year after the cause of action accrues. Similarly, an action for false arrest/imprisonment is subject to a one year statute of limitations pursuant to Ohio Revised Code § 2305.11. *See also Mayes v. Columbus*, 105 Ohio App.3d 728, 746 (1995). Plaintiff's claim for intentional infliction of emotional distress is also limited by the one year statute of limitations applicable to assault, pursuant to Ohio Revised Code § 2305.111(B), because the acts underlying this claim would support another tort. *See Freeman v. City of Lyndhurst*, 2010 WL 908171, at *3 (N.D. Ohio March 12, 2010) (holding that claim for intentional infliction of emotional distress was subject to one year limitation because it was based on the same conduct giving rise to the underlying torts of assault and false arrest). Accordingly, the statute of limitations for that other tort (assault) governs the claim for intentional infliction of emotional distress, and it is not subject to the general four year statute of limitations period. *See Crist v. Pugin*, 2008 WL 2571229 at *3 (N.D. Ohio June 25, 2008); *see also Yeager v. Local Union 20*, 6 Ohio St.3d 369, 375 (1983).

The remaining causes of action, counts eight, nine, and eleven, are subject to a two year statute of limitations. An alleged bodily injury from negligence is governed by a two year statute of limitations. *See* Ohio Rev. Code § 2305.10; *see also Love v. City of Port Clinton*, 37 Ohio St.3d 98 (1988). An action for negligent infliction of emotional distress is also governed by Ohio Revised Code § 2305.10 and must be brought within two years. *Lawyers Cooperative Publishing Co. v. Muething*, 65 Ohio St.3d 273, 280-81 (2002). For 42 U.S.C. § 1983 actions, federal courts are required to use the state's general or residual personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Ohio's residual personal injury statute, Ohio Revised Code § 2305.10, provides for a two year statute of limitations. *Nadra v. Mbah*, 119 Ohio St.3d 305 (2008).

All of Plaintiff's causes of action arise out of Defendants' alleged conduct on August 23 and/or August 24, 2009. Therefore, counts two, three, seven, and ten were required to be filed on or before August 24, 2010, while counts eight, nine, and eleven were required to be filed on or before August 24, 2011. Defendants therefore argue that all of Plaintiff's claims are barred by the statute of limitations because she did not initiate this case until September 8, 2011.

Plaintiff, however, argues that her claims are within the statute of limitations based on the application of Ohio's Saving Statute, which permits a party to re-file an action within one year of the date of the voluntary dismissal. Ohio's Saving Statute, Ohio Revised Code § 2305.19, provides in pertinent part:

> Saving in case of reversal or failure otherwise than upon merits.
>
> (A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

"The savings statute . . . applies to save a plaintiff's action otherwise barred by the statute of limitations . . . so that controversies are decided upon important substantive questions rather than upon technicalities of procedure." *Stone v. N. Star Steel Co.*, 152 Ohio App. 3d 29, 34-35 (Ohio Ct. App. 2003) (citing *Kinney v. Ohio Dep't of Administrative Services*, 30 Ohio App. 3d 123, 126 (1986)). Four criteria must be met for this provision to apply: (1) the action must have been commenced or attempted to be commenced within the applicable period of limitations; (2) the failure of the plaintiff in the action was otherwise than upon the merits; (3) at the date of such failure, the time limit for commencing the action had expired; and (4) the plaintiff refiled the action within one

8

year of such failure.  *Harris v. City of Canton*, 725 F.2d 371, 375 (6th Cir. 1984); *see also Garcia v. City of Oakwood*, 1996 U.S. App. LEXIS 27240 (6th Cir. 1996);  *Mihalcin v. Hocking College*, 2000 Ohio App. LEXIS 1188 (Ohio Ct. App. Mar. 20, 2000).

Plaintiff asserts that this case was originally filed on August 23, 2010, voluntarily dismissed on September 9, 2010, then re-filed on September 8, 2011.  However, there is no evidence on the record, nor submitted by Plaintiff to prove that a predecessor to this case was actually filed on August 23, 2010, other than Plaintiff's mere assertion.  Therefore, based on the record as it currently exists, Defendants are entitled to judgment on the pleadings as the statute of limitations on all of Plaintiff's claims had expired when she filed this case on September 8, 2011.

Even if Plaintiff were able to establish that she originally filed this case on August 23, 2010, this case must still be dismissed.  Jurisdiction in this case rests on 42 U.S.C. § 1983, which has a two year statute of limitations.  The statute of limitations would not have expired on Plaintiff's §1983 claims until August 23 or August 24, 2011.  According to Plaintiff, she dismissed the state court proceeding on September 9, 2010.  Therefore, at the time of the dismissal of the state action, the statute of limitations on her federal cause of action based on the articulated negligence and negligent infliction of emotional distress claims had not expired.  As discussed above, in order for Ohio's savings statute to apply, at the date of the failure or dismissal other than on the merits, the time limit for commencing the action must have expired.  Accordingly, Ohio's savings provision does not apply.

In sum, Plaintiff's §1983 action based on the assault and negligence allegations is barred by the statute of limitations, and Plaintiff has failed to demonstrate any tolling of the limitation period.

Having granted judgment to the Defendants on Plaintiff's §1983 claim, which formed the

9

basis of this Court's jurisdiction over this case, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

It is well settled that a District Court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997). Indeed, the Sixth Circuit has recognized that if all federal claims are dismissed before trial, remaining state claims generally should be dismissed. *Id.*; *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992). Therefore, pursuant to 28 U.S.C. §1367(c)(3) and (d), the Court will dismiss Plaintiff's state law claims against Defendants without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for an Extension to Amend the Pleadings (Doc. 35) and **GRANTS** the Franklin County Defendants' Motion for Judgment on the Pleadings (Doc. 20).

The Clerk shall remove Documents 20 and 35 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

        **IT IS SO ORDERED.**

                          *s/ George C. Smith*
                          **GEORGE C. SMITH, JUDGE**
                          **UNITED STATES DISTRICT COURT**